[Civil No. 4654. Filed March 27, 1944.]

[147 Pac. (2d) 254.]

FRANCES AMES and FRED P. AMES, Husband and Wife, Appellants, v. WILLIAM M. SHANKS, RICHARD SHANKS, DONALD SHANKS, JOHN DOE and RICHARD ROE, Appellees.

Mr. Jacob Morgan, for Appellants.

Mr. William P. Lutfy, for Appellees.

ROSS, J.—The appellants, Frances Ames and Fred P. Ames, husband and wife, commenced this action against the appellees, William M. and Richard Shanks, to recover damages for their unlawful eviction of appellants from premises they had rented of appellees.

They claim, their complaint alleges, three causes of action. 1. For evicting them from rented premises in violation of the Emergency Price Control Act of 1942, 50 U. S. C. A. Appendix, § 901 *et seq.*, in that they demanded and exacted of appellants $47.50 per month rental, whereas the maximum rental per month from March 1, 1942, to or about December 10, 1942, was, under the law, the sum of $42.50. For such wrongful eviction they pray judgment for liquidated damages in the premises. 2. Damages in the sum of $3,000 for such unlawful eviction and for falsely representing to appellants that they had sold rented premises and wanted possession for purchaser, whereas they had not in fact sold said premises. 3. Actual damages in the sum of $5,250 and punitive damages in the sum of $5,000 for intruding and trespassing upon and entering rented premises and thereby disturbing appellants' peace and quiet, etc.

Appellees' motion to dismiss appellants' complaint on the ground that it failed to state facts sufficient

to constitute a cause of action was, by the court, granted and appellants have appealed therefrom.

As we understand the record, the case was dismissed upon the admission in a bill of particulars filed by the appellants as follows:

"1. That defendants (appellees) evicted plaintiffs in the manner stated in the complaint herein on or about November 2, 1942. . . . "

Emergency Price Control Act of 1942, 50 U. S. C. A. Appendix, § 902, provides:

"(b) Whenever in the judgment of the Administrator such action is necessary or proper in order to effectuate the purposes of this Act, he shall issue a declaration setting forth the necessity for, and recommendations with reference to, the stabilization or reduction of rents for any defense-area housing accommodations within a particular defense-rental area. If within sixty days after the issuance of any such recommendations rents for any such accommodations within such defense-rental area have not in the judgment of the Administrator been stabilized or reduced by State or local regulations, or otherwise, in accordance with the recommendations, the Administrator may by regulation or order establish such maximum rent or maximum rents for such accommodations as in his judgment will be generally fair and equitable and will effectuate the purposes of this Act. . . . "

The Phoenix S R U Defense Rental Area, in which the said rental property is situated, was designated and established as such on December 1, 1942. From and after that date the government undertook to supervise and control rentals in such defense area. Prior to that date the matter of rentals was a subject concerning which the landlord and tenant had a right freely to contract.

It is apparent the order of the court dismissing plaintiffs' action was right, and it is accordingly affirmed.

McALISTER, C. J., and STANFORD, J., concur.